# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DARREN L. PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-166 |
| | ) | |
| F.C.I. ESTILL and CLEARANCE WIGGINS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Darren Petty has filed an employment discrimination claim against F.C.I. Estill and Clearance (perhaps Clarence?) Wiggins for "harassment/retaliation" based upon his race, sex, and disability. (Doc. 1 at 3.) He has not offered any factual support for such claims on the form complaint that he has used. (*Id.* at 3.) He also admits in his motion to proceed *in forma pauperis* ("IFP") that he has not bothered exhausting his claim with the EEOC. (Doc. 2 at 4.)

Petty's IFP motion is **GRANTED,** but this case must be **DISMISSED** because he has failed to exhaust his claims with the

EEOC. "Before filing suit under Title VII, the ADA, or the ADEA, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1) (stating plaintiff must file Title VII charge within 180 days after the alleged unlawful employment practice); 42 U.S.C. § 12117(a) (applying remedies and procedures of Title VII to ADA); 29 U.S.C. § 626(d) (stating plaintiff must file age discrimination charge within 180 days after the alleged discrimination)." *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010). Plaintiff's failure to exhaust dooms his complaint from the outset.

**SO REPORTED AND RECOMMENDED** this __24th__ day of September, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA